FILED
2018 Jul-13 PM 12:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DAVIDA A. HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:16-cv-01748-JHE |
| ) | |
| AFFINITY HOSPITAL, LLC d/b/a ) | |
| GRANDVIEW MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[1]

This is an employment action wherein Plaintiff Davida A. Hudson ("Hudson") asserts Title VII claims for sex discrimination and retaliation against her former employer Defendant Affinity Hospital, LLC d/b/a Grandview Medical Center ("Affinity"). (Doc. 1). The parties have completed discovery and no dispositive motions have been filed.

### I. Procedural History

On May 21, 2018, Counsel for Defendant Affinity Hospital, LLC, Attorney Anne Knox Averitt ("Attorney Averitt"), filed a Joint Status Report. (Doc. 21). The Joint Status Report stated that the parties had reached a settlement agreement "last week" and that they were finalizing paperwork. (*Id.*). The Joint Status Report was electronically signed by Attorney Averitt and Counsel for Plaintiff Davida A. Hudson, Attorney Roderick Cooks ("Attorney Cooks"), with permission. (*Id.*). Upon reviewing the status report, the undersigned entered an order staying all

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 11).

1

pending deadlines in the case and ordering the parties to file another Joint Status Report by June 22, 2018, if they had not stipulated to dismissal of the action by that time. (Doc. 22).

On June 22, 2018, Attorney Averitt filed another Joint Status Report on behalf of the defendant as well as on behalf of counsel for the plaintiff. (Doc. 23). This Joint Status Report provided that, on May 11, 2018, counsel for the parties reached a settlement agreement on behalf of their clients. (*Id.* at ¶ 1). Although, the terms and amount of the settlement agreement were agreed upon and memorialized in writing via electronic mail correspondence between counsel for both parties, Hudson refused to sign the settlement agreement. (*Id.* at ¶¶ 2-3). Counsel for both parties agreed that a valid and enforceable settlement agreement was reached and that it was due to be enforced by the court. (*Id.* at ¶ 4).

Also on June 22, 2018, Defendant moved for the court to enforce the May 11, 2018 settlement agreement. (Doc. 24). Counsel for the plaintiff did not opposed the motion. (*See id*). The undersigned set the motion for a hearing, which was held on July 10, 2018. (Doc. 25). Prior to the hearing the court received a copy of the settlement agreement and the attorneys' email correspondence, which it entered into the record under seal. (*See* docs. 26 & 28). During the hearing the court received a copy of the plaintiff's Professional Service Agreement, signed by Hudson, which it entered into the record under seal. (Doc. 30-1). After the hearing the court received email correspondence between Hudson and her attorneys and conducted an *in camera* review. (*See* doc. 29).

## II. Analysis

Alabama law requires that an attorney possess "express, special authority" to settle a case on behalf of a client. The Alabama Court of Civil Appeals has explained as follows:

> An attorney cannot settle a client's action or claim . . . without authorization from the client. . . . . The authority to settle is not incidental, but it is essential that an

attorney have ***express, special authority*** from his client to do so.

*Batton v. City of Jasper*, 345 Fed. App'x 400, 401-02 (11th Cir. 2009) (quoting *Benitez v. Beck*, 872 So.2d 844, 847 (Ala. Civ. App. 2003) (holding that a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry)) (emphasis added).

If it is determined that the attorney had this authority to settle the case, a settlement agreement entered into by an attorney cannot be repudiated and will be summarily enforced. *Mays v. LeCraw & Co., Inc.*, 807 So. 2d 551, 544 (Ala. Civ. App. 2001) (holding that the lower court erred when it did not enforce a binding settlement agreement memorialized through letters). In other words, when there is a final settlement, such settlement is binding and may only be opened for fraud, accident, or mistake. *Id.*; *see e.g., Harris v. Preskitt*, 911 So. 2d 8 (Ala. Civ. App. 2005).

Counsel for both parties assert that a valid and enforceable settlement agreement was reached on May 11, 2018, and that it is now due to be enforced by the court. They informed the court of this settlement agreement on May 21, 2018, in their joint status report, where they stated that they were finalizing paperwork and working to execute the agreement. (Doc. 21). This is confirmed by emails exchanged between Attorney Averitt and Attorney Cooks. (Doc. 28-2 at 2-3; *see* doc. 28-1, settlement agreement).

At the hearing it became clear that the issue here is whether Attorney Cooks had the requisite "express, special authority" to settle the case on Hudson's behalf for the amount and with the terms in the settlement agreement.[2]

The evidence presented in this case shows that Attorney Cooks had the "express, special

---

[2] Attorney Averitt was asked to step out of the courtroom for much of the testimony because it concerned issues covered by attorney-client privilege.

authority" required under Alabama law to bind Hudson to the settlement agreement. When Hudson entered into the Professional Services Agreement with her attorneys she agreed that her "Attorneys shall have full power and authority to settle, compromise or take such action as Attorneys might deem proper for the best interest of the client . . . ." (Doc. 30-1 at 2). Although she now claims she did not authorize her attorneys to settle the case for on May 10, 2018, the evidence contradicts her version of events. Both of her attorneys, who are officers of the court, have represented that she gave Attorney Cooks authority to settle her case for a specific amount during the May 10, 2018 telephone call. This is memorialized in one of Attorney Davis's emails with Hudson, and further supported by Attorney Cooks' actions, who, the next day, entered into a settlement agreement for the exact amount the attorneys say was discussed on the telephone call.

To the extent Hudson takes issues with of the terms of the agreement, in her contract with her attorneys she specifically authorizes them to settle and compromise in her best interest. (Doc. 30-1 at 2). The only specific issue she raises in her emails is the amount of attorneys' fees, which she specifically agreed to in the Professional Services Agreement. (*Id.*). As to any concerns about future employment, to clarify any issues, the settlement agreement only restricts Hudson's future employment with Affinity Hospital, LLC and its affiliates and does not prohibit her from seeking employment at any of the many medical facilities in this area.

Having found that Attorney Cooks had the requisite "express, special authority" to enter in to the settlement agreement on Hudson's behalf, the parties have a valid and enforceable settlement agreement that is to be enforced. *See Mays v. LeCraw & Co., Inc.*, 807 So. 2d 551 (Ala. Civ. App. 2001).

### III. Conclusion

The motion to enforce the settlement agreement (doc. 24) is **GRANTED**, and the court

does not require any execution or signature by Hudson. Upon payment of the settlement, counsel **SHALL** file a joint stipulation of dismissal.

DONE this 13th day of July, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE